Hill *v.* McReynolds.

[Kings General Term, December 12, 1859.   *Lott, Emott* and *Brown,* Justices.]

Hill *vs.* McReynolds and others.

The referee, in a mortgage case, determined all the issues made by the answer of the defendants who had appeared, against them, and no further trial, as to them, could be had. The plaintiff—not being able to file the report of the referee and enter up judgment, because there were other defendants upon the record who had not submitted to the reference, and who had not appeared in the cause, and because the report did not show the exact sum due—gave notice of an application to the court, at special term, for the relief demanded in the complaint. The defendants did not appear, to oppose the motion, and the court made an order referring it to a referee to compute the amount due. Upon the report of the referee, showing the amount due as against all the defendants, the plaintiff, on a notice of ten days, brought the cause to a hearing, and obtained a final judgment for foreclosure and sale. *Held,* that this practice was entirely regular.

APPEALS from an order made at a special term on the 23d of May, 1859, referring the cause to G. M. Stevens, the clerk, to compute the amount due the plaintiff, on his mortgage; also from an order made on the 13th of July, 1859, denying the motion of the defendants to set aside that order of reference. The defendants also appealed from the final judgment for foreclosure and sale, made on the 13th day of July, 1859.

*Mann & Rodman*, for the plaintiff.

*W. H. Taggard*, for the defendants.

*By the Court*, BROWN, J. The bond was made payable on the 18th of August, 1860, with the interest semi-annually, coupled with this provision: "That should default be made in the payment of the interest, or any part thereof, on any day payable, and should the same remain unpaid and in arrear for the space of thirty days, then the principal sum and all arrearages of interest should, at the option of the obligee, become due and payable immediately thereafter." The defendants Gage, Sloan and Dater purchased the mortgaged premises subject to the mortgage, and of course subject also to this condition of the bond.

The answer of those defendants set up, as the only defense, an agreement by Hill to send to their place of business for the interest on the mortgage whenever it should accrue; and the omission of Hill so to do, together with a tender of the interest after the commencement of the action, and before Gage, Dater and Sloan were made parties, the same having been commenced originally against Reynolds and wife alone.

The cause was referred, by the consent of the parties who appeared, to J. N. Taylor, referee, to hear and determine the same. He heard the cause upon the proofs, and the fact of the agreement was proved by the witness, Mr. Taggard, and disproved by the testimony of the plaintiff, John S. Hill.

The referee found against the defendants upon both the questions raised by the answer.

If the parol agreement to demand the interest from the purchasers Gage, Dater and Sloan, made as it was said to be without any consideration, could be regarded as a binding obligation on the part of the plaintiff, still the proof of its existence was conflicting, and the judgment of the referee is not open to review. In regard therefore to the appeal from the judgment, it must, upon the most obvious principles, be affirmed.

The appeals from the order of the special term of the 23d May, and of the 13th July, 1859, are not tenable.

The referee had determined all the issues made by the answer of the defendants who had appeared, against them. No further trial, as to them, could be had. Yet the plaintiff could not file his report and enter up his judgment, because there were other defendants upon the record who had not submitted to the reference, and who had not appeared in the action, and because the report of the referee did not show the exact sum due. The plaintiff, therefore, gave notice of an application for the relief demanded in the complaint. It was not a notice of trial, but a notice of the motion. The defendants did not appear, to oppose the motion, but by their absence and silence submitted that the plaintiff was entitled to the relief asked for in the notice. The judge at the special term could not award judgment without first ascertaining the sum due. He might have computed it himself, or do the same thing on the spot, by a referee. He chose the latter course. Surely no notice of the actual computation was necessary, because the defendants already had notice that judgment would be taken for the sum mentioned in the prayer of the complaint, with the interest. This practice was entirely regular.

The orders made at the special term, from which the defendants have appealed, should be affirmed, with $10 costs.

[KINGS GENERAL TERM, December 12, 1859. *Lott, Emott* and *Brown,* Justices.]